IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REIN KELIIHOOMALU, #04343-122,<br><br>Plaintiff,<br><br>vs.<br><br>ESTELLA DERR, *et al.*,<br><br>Defendants. | CIVIL NO. 22-00124 LEK-KJM<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND

Before the Court is a Prisoner Civil Rights Complaint ("Complaint"), ECF No. 1, filed by pro se Plaintiff Rein Keliihoomalu ("Keliihoomalu") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Keliihoomalu is a federal pretrial detainee incarcerated at the Federal Detention Center in Honolulu, Hawaii ("FDC-Honolulu"). *See* ECF No. 1 at PageID # 1. Keliihoomalu alleges that FDC-Honolulu officials[1] violated the Eighth Amendment's prohibition on cruel and unusual punishment by: (1) housing him with members of other gangs (Count I); failing to provide him with two

---

[1] Keliihoomalu names Warden Estella Derr, Corrections Officer Shannon Bautista, Corrections Officer S. Brunello, and Unit Counselor Dwayne Bautista in their individual and official capacities. ECF No. 1 at PageID ## 1–3.

"incident reports" in a timely manner (Count II); and retaliating against him (Count III).  *Id.* at PageID ## 6–11.  For the following reasons, the Complaint is DISMISSED for failure to state a claim for relief.  *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).  If Keliihoomalu wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **May 23, 2022**.  In the alternative, Keliihoomalu may voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1).

## I.  <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

2

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff

is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants'

pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it

appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d

at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is

appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196

(9th Cir. 2013).

## II.  <u>KELIIHOOMALU'S CLAIMS</u>[2]

Keliihoomalu alleges in Count I that he has been incarcerated at

FDC-Honolulu for two years.  ECF No. 1 at PageID # 6.  Keliihoomalu is a

member of the "Murder Inc." gang, and "staff" members at FDC-Honolulu are

aware of his gang affiliation.  *Id.*  Keliihoomalu is housed with members of other

gangs including "MS-13," "Uso's," "Paisa's," and "Tango's."  *Id.*  According to

Keliihoomalu, housing him with members of other gangs violates a BOP policy

_____

[2] Keliihoomalu's factual allegations are accepted as true for purposes of screening.  *See*
*Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

3

that "pre-trial . . . and gang affiliated inmates should be separated from convicted inmates[.]"[3]  *Id.* at PageID # 7.  On July 12, 2021, there was a "full scale gang riot involving more than 30 inmates" at FDC-Honolulu.  *Id.* at PageID # 6.  Keliihoomalu, however, "was not involved."  *Id.* at PageID ## 6–7.

Keliihoomalu alleges in Count II that Shannon Bautista failed to follow certain BOP policies in connection with two "incident reports" issued on March 9, 2022.  *Id.* at PageID ## 8–9.  Specifically, Keliihoomalu alleges that Shannon Bautista did not give him the reports in a timely manner.  *Id.* at PageID # 9.

Keliihoomalu alleges in Count III that Brunello retaliated against him by writing an incident report that was given to Keliihoomalu on March 13, 2022.  *Id.* at PageID # 10–11.  Brunello wrote the report after Brunello found a pair of scissors in Keliihoomalu's property while he was in the special housing unit.  *Id.* at PageID # 10.

Keliihoomalu seeks $75,000 and an "[o]rder of protection issued by the Court to prevent further harassment."  *Id.* at PageID # 12.

---

[3] It is unclear if Keliihoomalu is alleging that he should be separately housed from all other gang members, convicted inmates, or both.

### III. <u>DISCUSSION</u>

**A.  Legal Framework for *Bivens* Claims**

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam).  *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. 403 U.S. at 389–90.

Since *Bivens*, the Supreme Court has expanded this implied cause of action twice.  *See Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).  "These three cases— *Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).

"This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[4]  *Abbasi*, 137 S. Ct. at 1857 (quoting *Malesko*, 534 U.S. at 68).  Indeed, the Court has suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today."  *Abbasi*, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018).  If a claim is precluded, that is the end of the matter.  If a claim is not precluded, the court then applies a two-step test.

At step one, the Court determines whether the plaintiff is seeking a *Bivens* remedy in a new context.  *Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous

---

[4] The Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); a race-discrimination suit against military officers, *Chappell v. Wallace*, 462 U.S. 296, 297 (1983); a substantive due process suit against military officers, *United States v. Stanley*, 483 U.S. 669, 671–72 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer*, 510 U.S. 471, 473–74 (1994); an Eighth Amendment suit against a private prison operator, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001); a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562 (2007); an Eighth Amendment suit against prison guards at a private prison, *Minneci v. Pollard*, 565 U.S. 118, 120 (2012); and a Fifth Amendment suit against Department of Justice officials, *Abbasi*, 137 S. Ct. at 1860–63.

*Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859. If the plaintiff is seeking a *Bivens* remedy in a new context, then the court proceeds to the second step.

At step two, the court may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951. "Second, there cannot be any 'special factors' that lead [the court] to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Id.* at 951–52 (internal quotation marks omitted). Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

## B. Official Capacity Claims Under *Bivens*

Keliihoomalu names the Defendants both in their individual and official capacities. *See* ECF No. 1 at PageID ## 1–3.

"[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157 (9th Cir.

2007) (quotation marks omitted and brackets in original).  "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Id.*  Thus, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (quotation marks and citation omitted).

Any *Bivens* claims against Defendants in their official capacities are therefore DISMISSED with prejudice.

## C.  Supervisory Liability

Keliihoomalu names as a Defendant one supervisory official—that is, Warden Derr.  ECF No. 1 at PageID # 1.

"In the limited settings where *Bivens* does apply . . . Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676.  This is because "[t]he purpose of *Bivens* is to deter the *officer*." *Abbasi*, 137 S. Ct. at 1860 (quotation marks and citation omitted).  "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Id.*

A *Bivens* claim must be "brought against the individual official for his or her own acts, not the acts of others." *Id.*; *see also Jones v. McFadden*, 2010 WL 2196849, at *3 (E.D. Cal. May 28, 2010) ("[W]hen a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged."). Thus, to state a claim for relief under *Bivens* based on a theory of supervisory liability, the plaintiff must allege facts showing that supervisory defendants: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Id.* (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

Keliihoomalu alleges in Count I that his safety was threatened because he was housed with members of other gangs. ECF No. 1 at PageID # 6. Although Keliihoomalu generally states that Warden Derr "continues to house [him with] gang members," it is unclear exactly how Warden Derr might have personally participated in threatening Kaliihoomalu's safety. Keliihoomalu does not allege that Warden Derr knew of a constitutional violation and failed to act, nor does he allege that Warden Derr instituted or enforced an unconstitutional policy. Any claims based solely on Warden Derr's supervisory position are DISMISSED with

prejudice.  *See Fries v. Kernan*, 2018 WL 11260954, at *8 (E.D. Cal. Dec. 5, 2018) ("[A]ny allegation that supervisory personnel . . . somehow liable solely based on the acts of those under his or her supervision, does not state a cognizable claim.").  For any claims against Warden Derr to proceed, Keliihoomalu must plausibly allege that Warden Derr violated his rights through her own actions.  *See Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012) ("*Bivens* claims cannot proceed on a theory of *respondeat superior*, but must instead plead that a supervisor, by her 'own individual actions,' violated the Constitution." (citation omitted)).

### D.  Claims Based on BOP Policies

In Count I and Count II, Keliihoomalu alleges that Defendants violated various BOP policies.  *See* ECF No. 1 at PageID ## 7, 9.

In *Bivens*, the Supreme Court recognized "an implied right of action for damages against federal officers alleged to have violated a citizen's *constitutional rights*."  *Hernandez*, 137 S. Ct. at 2006 (emphasis added).  The Supreme Court has never recognized a *Bivens* cause of action for purported violations of BOP policies.  *See Islaam v. Kubicki*, 838 F. App'x 657, 661 (3d Cir. 2020).  Indeed, as one court has stated, "[t]o allow a damages remedy for violations of BOP policy that do not amount to unconstitutional conduct would exceed the bounds of judicial function."  *Id.*; *see also deWilliams v. Groves*, No. ED CV 17-356-GW (PLA), 2019 WL

10

994407, at *5 (C.D. Cal. Jan. 16, 2019) ("[T]he mere failure of a correctional officer to follow BOP rules, procedures, or policies does not rise to the level of a federal civil rights violation."); *Williams v. Rios*, No. 1:10-cv-01207-AWI-GBC (PC), 2011 WL 1627177, at *3 (E.D. Cal. Apr. 28, 2011) ("[A] *Bivens* action must be founded upon a violation of constitutional rights, and a failure to adhere to administrative regulations does not equate to a constitutional violation." (internal quotation marks and citations omitted)).

Any *Bivens* claims solely based on purported violations of BOP policies are DISMISSED with prejudice.

## E. Constitutional Claims

### 1. Eighth Amendment

Keliihoomalu alleges in Count I, Count II, and Count III an "8th Amendment violation against cruel and unusual punishment."  ECF No. 1 at PageID ## 6, 8, 10.  Eighth Amendment protections apply, however, only after a prisoner has been convicted of a crime.  *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016).  Keliihoomalu's claims under the Eighth Amendment are therefore DISMISSED with prejudice.  If Keliihoomalu chooses to file an amended pleading, he should consider the following legal standards.

## 2. Fifth Amendment

### a. Threat to Safety

Keliihoomalu alleges in Count I that FDC-Honolulu officials threatened his safety by housing him with other gang members.  ECF No. 1 at PageID # 6.  As a pretrial detainee, Keliihoomalu's conditions of confinement claims would arise under the Fifth Amendment, not the Eighth Amendment.  *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

Keliihoomalu's claims, however, appear to present a new *Bivens* context.  *See Williams v. Kobayashi*, Civ. No. 1:18-cv-00336 DKW-RLP, 2018 WL 5258614, at *6 (D. Haw. Oct. 22, 2018) (concluding that pretrial detainee's allegations that officials at FDC-Honolulu subjected him to cruel and unusual punishment presented a new *Bivens* context).  The Court declines to decide whether "special factors" caution against extending *Bivens* to Keliihoomalu's due process claims during screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, without briefing by the parties upon either a motion to dismiss or for summary judgment.

If a *Bivens* remedy is available for these claims, due process requires that a pretrial detainee not be punished prior to a lawful conviction.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  The government may detain individuals to ensure their

presence at trial and may subject them to the conditions and restrictions of the

detention facility so long as those conditions and restrictions do not amount to

punishment. *Id.* at 536–37. Thus, "[n]ot every disability imposed during pretrial

detention amounts to 'punishment' in the constitutional sense." *Id.* at 537.

In determining whether restrictions or conditions amount to punishment,

courts "must decide whether the disability is imposed for the purpose of

punishment or whether it is but an incident of some other legitimate governmental

purpose." *Id.* at 538. Absent an expressed intent to punish on the part of detention

facility officials, the determination generally turns on "whether an alternative

purpose to which [the restriction] may rationally be connected is assignable for it,

and whether it appears excessive in relation to the alternative purpose assigned [to

it]." *Id.* at 538–39 (internal quotation marks and citations omitted) (alteration in

original). "[I]f a particular condition or restriction of pretrial detention is

reasonably related to a legitimate governmental objective, it does not, without

more, amount to 'punishment.'" *Id.* at 539 (footnote omitted).

In addition, the Ninth Circuit has stated that the elements of a pretrial

detainee's failure-to-protect claim are: (1) the defendant made an intentional

decision with respect to the conditions under which the plaintiff was confined; (2)

those conditions put the plaintiff at substantial risk of suffering serious harm; (3)

the defendant did not take reasonable available measures to abate that risk, even

though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).[5]

Even assuming that a *Bivens* remedy is available, Keliihoomalu fails to state a plausible claim. *See Hernandez*, 137 S. Ct. at 2007 ("[D]isposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy—is appropriate in many cases."). Keliihoomalu has not plausibly alleged that the conditions at FDC-Honolulu put him at substantial risk of suffering serious harm. Indeed, Keliihoomalu does not allege that another inmate at FDC-Honolulu has harmed him in any way during the two years that he has been incarcerated there, nor does he allege that another inmate has even attempted to do so. To the extent Keliihoomalu alleges that there was a "full scale gang riot" on July 12, 2021, he admits that he was "not involved." ECF No. 1 at 6. Moreover, Keliihoomalu fails to identify any reasonable available measures not taken that

---

[5] Although *Castro* arose under the due process clause of the Fourteenth Amendment, nothing suggests that a different standard would apply under the Fifth Amendment's due process clause. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("Surely the Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

would have abated the purported risk to his safety.  Thus, Keliihoomalu has failed to state a plausible claim for relief based on his safety at FDC-Honolulu.

### b. Disciplinary Proceedings

Keliihoomalu alleges in Count II that Shannon Bautista failed to provide him with two "incident reports" in a timely manner.  ECF No. 1 at 9.

These claims also appear to present a new *Bivens* context.  *See Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018) ("[B]ecause neither the Supreme Court nor we have expanded *Bivens* in the context of a prisoner's . . . Fifth Amendment procedural due process claims arising out of a prison disciplinary process, the circumstances of Vega's case . . . plainly present a 'new context' under *Abbasi*."); *see also Brown v. Matevousian*, Case No. 1:20-cv-00204-NONE-SAB (PC), 2021 WL 1210002, at *9 (E.D. Cal. Mar. 31, 2021) ("The Supreme Court has never extended *Bivens* in the context of a prisoner's due process claim arising out of a prison disciplinary proceeding."), *report and recommendation adopted*, Case No. 1:20-cv-00204-NONE-SAB (PC), 2021 WL 3674620 (E.D. Cal. Aug. 19, 2021).

In *Vega*, the Ninth Circuit explained that the plaintiff "had a remedy 'to seek formal review of an issue relating to *any* aspect of his . . . own confinement' under the Administrative Remedy Program."  881 F.3d at 1154 (quoting 28 C.F.R.

§ 542.10(a)) (emphasis added).  The Ninth Circuit further noted that the plaintiff "could have sought the assistance of counsel, § 542.16(a), appealed any adverse findings to the Regional Director, § 542.15(a), and then to the FBOP's General Counsel, id." *Vega*, 881 F.3d at 1154.  "In light of the available alternative remedies, [the court] decline[d] to expand *Bivens* in this context." *Id.* at 1155.

Given this, it appears that Keliihoomalu cannot state a colorable *Bivens* claim for damages based on an alleged denial of procedural due process during his disciplinary proceedings.  *See Williams*, 2018 WL 5258614, at *6 ("[Plaintiff] cannot state a colorable *Bivens* claim for damages regarding the alleged denial of procedural due process at his disciplinary hearings."); *Chambers v. Herrera*, No. 5:17-cv-2564-MWF-KES, 2019 WL 4391135, at *7 (C.D. Cal. July 9, 2019) ("Following *Abbasi*, courts have not expanded *Bivens* to claims that BOP staff failed to provide due process during prison disciplinary proceedings."), *report and recommendation adopted*, No. 5:17-cv-02564-MWF-KES, 2019 WL 5413883 (C.D. Cal. Aug. 29, 2019).

### 3.  First Amendment

Keliihoomalu alleges in Count III that Brunello retaliated against him by writing an incident report that was given to Keliihoomalu on March 13, 2022. ECF No. 1 at PageID ## 10–11.

16

The Supreme Court has not recognized a *Bivens* remedy for First Amendment claims. *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). In addition, the Ninth Circuit has concluded that "special factors counsel against extending *Bivens*" to a prisoner's First Amendment retaliation claim. *See Buenrostro v. Fajardo*, 770 Fed Appx. 807, 808 (9th Cir. 2019). In reaching this conclusion, the Ninth Circuit explained that "Congress has addressed the question of prisoners' remedies in the Prison Litigation Reform Act of 1995," and "an alternative remedial structure exists, including through the Bureau of Prisons administrative grievance process." *Id.*

Thus, courts "have uniformly declined to imply a *Bivens* remedy for First Amendment retaliation claims by federal prisoners." *Prescott v. United States*, Case No. 2:20-cv-2740-SB (SK), 2022 WL 1051081, at *4 (C.D. Cal. Mar. 7, 2022), *report and recommendation adopted*, No. 2:20-cv-02740SBSK, 2022 WL 1051082 (C.D. Cal. Apr. 6, 2022); *see also Hirano v. Sand Island Treatment Ctr.*, Civil No. 20-00473 DKW-WRP, 2021 WL 243437, at *7–8 (D. Haw. Jan. 25, 2021) ("[T]he Supreme Court has not recognized a *Bivens* remedy for First Amendment claims, and the Ninth Circuit has said that such a remedy is not available for a federal prisoner's retaliation claim against federal defendants."); *Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030 (E.D.

Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment.").

Even if a *Bivens* were available for a First Amendment retaliation claim, Keliihoomalu fails to state a plausible claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Keliihoomalu does not allege that he was engaged in protected conduct. Nor does he allege that Brunello took wrote the disciplinary report because of that conduct. Finally, Keliihoomalu does not allege that Brunello's conduct chilled his First Amendment rights.

## F. Injunctive Relief Under *Bivens*

In his request for relief, Keliihoomalu asks for $75,000 and "an Order of Protection issued by the Court to prevent further harassment." ECF No. 1 at PageID # 12.

"*Bivens* does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action."  *Solida*, 820 F.3d at 1093; *see Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").  Thus, Keliihoomalu's request for injunctive relief is not available under *Bivens*.[6]

## IV.  <u>LEAVE TO AMEND</u>

Keliihoomalu's Complaint is DISMISSED with partial leave granted to amend.  If Keliihoomalu wants this action to proceed, he must file an amended pleading on or before **May 23, 2022**.  Keliihoomalu may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Any amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Local Rule 10.4 requires

---

[6] Injunctive and declaratory relief may be available outside of *Bivens*.  *See Zavala v. Rios*, 721 F. App'x 720, 721–22 (9th Cir. 2018); *see also Malesko*, 534 U.S. at 74 ("[U]nlike the *Bivens* remedy, which has never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").

that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint generally supersedes a prior complaint, and it must also be short and plain, in compliance with Rule 8.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

Any amended pleading may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety.  Any cause of action that is not raised in the amended pleading is waived.  *See id.*  Failure to file an amended complaint by **May 23, 2022** will result in automatic dismissal of this action.

## V. 28 U.S.C. § 1915(g)

If Keliihoomalu fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  **CONCLUSION**

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with partial leave granted to amend.

(2)  If Keliihoomalu wants this action to proceed, he must file an amended pleading that cures the noted deficiencies on or before **May 23, 2022**.

(3)  Failure to timely file an amended pleading will result in AUTOMATIC DISMISSAL of this suit without further notice.

(4)  ALTERNATIVELY, Keliihoomalu may voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1).  Such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

//

//

//

//

//

(5)  The Clerk is DIRECTED to send Keliihoomalu a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 21, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**REIN KELIIHOOMALU VS. ESTELLA DERR, ET AL; CV 22-00124 LEK-KJM; ORDER DISMSSING COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**