IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REIN KELIIHOOMALU, #04343-122, | CIVIL NO. 22-00124 LEK-KJM |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE GRANTED TO AMEND |
| vs. | |
| ESTELA DERR, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE GRANTED TO AMEND

Before the Court is a First Amended Prisoner Civil Rights Complaint

("FAC"), ECF No. 6, filed by pro se Plaintiff Rein Keliihoomalu ("Keliihoomalu")

pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971). Keliihoomalu is a federal pretrial detainee incarcerated at the

Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"). *See* ECF No. 6

at PageID # 1. Keliihoomalu alleges that four officials[1] at FDC Honolulu violated

the Fifth Amendment's prohibition on punishing pretrial detainees by threatening

his safety (Count I) and retaliated against him by submitting "incident reports"

---

[1] Keliihoomalu names Warden Estela Derr, Corrections Officer Shannon Bautista, Corrections Officer S. Brunello, and Unit Counselor Dwayne Bautista in their individual capacities. ECF No. 6 at PageID ## 56–58.

(Count II). *Id.* at PageID ## 61–64.  For the following reasons, the FAC is

DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  If

Keliihoomalu wants this action to proceed, he must file an amended pleading that

cures the noted deficiencies in his claims on or before **July 13, 2022**.  In the

alternative, Keliihoomalu may voluntarily dismiss this action pursuant to Fed. R.

Civ. P. 41(a)(1), and he will not incur a "strike" pursuant to 28 U.S.C. § 1915(g).

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings

against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or

complaints that are frivolous, malicious, fail to state a claim for relief, or seek

damages from defendants who are immune from suit must be dismissed.  *See

Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.

Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, a complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

Keliihoomalu is a pretrial detainee at FDC Honolulu. *See* ECF No. 6 at 1; Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (select "Find By Number," enter "04343-122" in "Number" field, and select "Search") (last visited May 26, 2022). He is awaiting trial in *United States v. Keliihoomalu*, Cr. No. 19-00156 JMS (D. Haw.).[3]

---

[2] Keliihoomalu's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

Keliihoomalu commenced this action by signing the original Complaint on March 19, 2022. ECF No. 1 at PageID # 12. Keliihoomalu alleged in the Complaint that Warden Derr, Shannon Bautista, Dwayne Bautista, and Brunello violated the Eighth Amendment's prohibition on cruel and unusual punishment by: (1) housing him with members of other gangs; (2) failing to provide him with two "incident reports" in a timely manner; and (3) retaliating against him. *Id.* at PageID ## 6–11.

The Court dismissed the original Complaint on April 21, 2022. *See* ECF No. 4. The Court began by explaining that Keliihoomalu could not pursue *Bivens* claims against Defendants in their official capacities. *Id.* at PageID ## 33–34. The Court next explained that *Bivens* does not allow officers to be held responsible for the acts of their subordinates. *Id.* at PageID ## 34–36. The Court also explained that there is no *Bivens* remedy for a violation of Bureau of Prisons policies. *Id.* at PageID ## 36–37. The Court explained that the Eight Amendment did not apply to Keliihoomalu because he is not a convicted inmate, and the Court provided Keliihoomalu with the relevant legal standards. *Id.* at PageID ## 37–44. Finally, the Court explained that injunctive relief is unavailable under *Bivens*. *Id.* at PageID # 44–45.

The Court received the FAC on May 6, 2022. ECF No. 6. Keliihoomalu alleges in Count I that Warden Derr violated the Fifth Amendment's prohibition on

punishing pretrial detainees by threatening his safety. *Id.* at PageID ## 61–62. Keliihoomalu has been incarcerated at FDC Honolulu for more than two years. *Id.* at PageID # 61. During this time, he has been housed in a "unit 5A," along with convicted inmates, gang members, and deportable aliens. *Id.* at PageID ## 61–62. According to Keliihoomalu, a gambling dispute in unit 5A caused a "gang riot" on July 12, 2021. *Id.* at PageID # 62.

Keliihoomalu alleges in Count II that Shannon Bautista, Dwayne Bautista, and Brunello retaliated against him by submitting "incident reports." *Id.* at PageID ## 63–64. According to Keliihoomalu, the reports were based on "minor" and "petty" infractions. *Id.* Keliihoomalu seeks $75,000. *Id.* at PageID # 66.

## III. <u>DISCUSSION</u>

### A. **Improper Joinder**

Keliihoomalu alleges that Warden Derr violated the Fifth Amendment by threatening his safety (Count I), and that Shannon Bautista, Dwayne Bautista, and Brunello retaliated against him by submitting incident reports (Count II). ECF No. 6 at PageID ## 61–64.

Under Fed. R. Civ. P. 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name different defendants in the same lawsuit, however, a plaintiff must satisfy Fed. R. Civ. P. 20, governing joinder of parties. Rule 20(a)(2) allows joinder of

defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017). Unrelated claims involving different defendants belong in different suits. *See What v. Honolulu Police Dep't*, Civil No. 13–00373 HG–RLP, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014).

Here, there is no apparent connection between the FAC's two counts other than the fact that the underlying events occurred at FDC Honolulu. This is not enough to satisfy the joinder rules. *See Woods v. Curry*, No. C 10-1859 JSW (PR), 2013 WL 12222362, at *1 (N.D. Cal. May 2, 2013) (concluding that prisoner improperly joined claims "based on a wide variety of unrelated events that occurred at his prison"). Keliihoomalu may not pursue a combination of unrelated claims against various defendants in a single suit. *See Char v. Kaiser Hosp.*, Civ. No. 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). He may, however, raise any unrelated claims in a separate action or actions. *See D'Agirbaud v. Kam*, Civ. No. 20-00139 JAO-KJM, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for

6

misjoinder allowed plaintiff "to decide which related claims he will pursue in this action, and which claims he will bring in a new action").

If Keliihoomalu decides to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20. Keliihoomalu may state a single claim against a single defendant. Pursuant to Rule 18, Keliihoomalu may then add any additional claims to his action that are against the same defendant. Fed. R. Civ. P. 18. Keliihoomalu may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined and, at a minimum, will result in delay in their adjudication.

## B. Legal Framework for *Bivens* Claims

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied

7

cause of action only twice.  *See Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."  *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675).  "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[4]  *Id.* (quoting *Malesko*, 534 U.S. at 68).  Indeed, the

---

[4]  The Supreme Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination,  *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); and a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 582 U.S. ___, 137 S. Ct. 1843.

Court has suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today." *Id.* at ___, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1859. If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951 (internal quotation marks and citation omitted). "Second, there cannot be any 'special factors' that lead the court to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Id.* at 951–52 (some internal quotation marks, brackets, and citation omitted). Although

9

the Supreme Court has yet to define the term, "special factors," it has explained

that "the inquiry must concentrate on whether the Judiciary is well suited, absent

congressional action or instruction, to consider and weigh the costs and benefits of

allowing a damages action to proceed." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at

1857–58.

## C.  Fifth Amendment

Keliihoomalu alleges in Count I that Warden Derr violated the Fifth

Amendment by threatening his safety.  ECF No. 6 at PageID ## 61–62.

Keliihoomalu's claim against Warden Derr appears to present a new *Bivens*

context.  *See Williams v. Kobayashi*, Civ. No. 1:18-cv-00336 DKW-RLP, 2018

WL 5258614, at *6 (D. Haw. Oct. 22, 2018) (concluding that pretrial detainee's

allegations that officials at FDC Honolulu subjected him to cruel and unusual

punishment presented a new *Bivens* context).  The Court declines to decide

whether "special factors" caution against extending *Bivens* to Keliihoomalu's due

process claims during screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A,

without briefing by the parties upon either a motion to dismiss or for summary

judgment.

Even assuming, for purposes of screening, that a *Bivens* remedy does exist,

Keliihoomalu fails to state a claim.  Due process requires that a pretrial detainee

not be punished prior to a lawful conviction.  *Bell v. Wolfish*, 441 U.S. 520, 535

(1979).  The government may detain individuals to ensure their presence at trial and may subject them to the conditions and restrictions of the detention facility so long as those conditions and restrictions do not amount to punishment.  *Id.* at 536–37.  Thus, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense."  *Id.* at 537.

In determining whether restrictions or conditions amount to punishment, courts "must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose."  *Id.* at 538.  Absent an expressed intent to punish on the part of detention facility officials, the determination generally turns on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  *Id.* at 538–39 (internal quotation marks and citations omitted) (alteration in original).  "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"  *Id.* at 539 (footnote omitted).

In addition, the Ninth Circuit has stated that the elements of a pretrial detainee's failure to protect claim are:  (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3)

11

the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).[5]

Here, Keliihoomalu does not allege that Warden Derr intended to punish him by housing him in unit 5A, nor has Keliihoomalu plausibly alleged that he faced a substantial risk of serious harm.  To the extent Keliihoomalu is suggesting that Warden Derr violated the Fifth Amendment simply by assigning him to a unit that also housed convicted inmates, he is mistaken.  As one court has observed, "the BOP is left with discretion to assess the practicability of separating pretrial detainees from those who have already been convicted."  *Palay v. United States*, 349 F.3d 418, 429 (7th Cir. 2003).  Thus, while 18 U.S.C. § 3142(i)(2) "reflects a preference for segregation [it] does not demand it where impractical."  *Id.*

To the extent Keliihoomalu notes that members of different gangs were housed in the same unit, this also does not necessarily violate the Constitution.  See

---

[5]  Although *Castro* arose under the due process clause of the Fourteenth Amendment, nothing suggests that a different standard would apply under the Fifth Amendment's due process clause. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("Surely the Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

*Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) ("[A]mong other problems, '[t]he number of gang members housed . . . and the high representation of certain gangs would place an unmanageable burden on prison administrators were they required to separate inmates by gangs.'" (quoting *Mayoral v. Sheahan*, 245 F.3d 934, 939 (7th Cir. 2001) (second alteration in original)); *Wilson v. Pierce County*, Case No. 16-5455 RJB, 2017 WL 3876625, at *7 (W.D. Wash. Sept. 5, 2017) ("The Ninth Circuit has held that a jail's policy of housing rival gang members together does not amount to a per se violation of the Eighth Amendment.").

Finally, to the extent Keliihoomalu notes that gambling caused a "gang riot" on July 12, 2021, he fails to explain why there was a substantial risk of serious harm either before or after the disturbance.  Indeed, Keliihoomalu does not allege that any inmate at FDC Honolulu has harmed him, or even attempted to do so, during his two years at the facility.  *See Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009) ("[A] detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs; any lesser showing cannot prove punishment in violation of the detainee's Due Process rights.").  Keliihoomalu's claim against Warden Derr in Count I is DISMISSED with leave to amend.

### D.  First Amendment

Keliihoomalu alleges in Count II that Shannon Bautista, Dwayne, Brunello retaliated against him by issuing "incident reports" against him.  ECF No. 6 at PageID ## 63–64.

The First Amendment prohibits prison officials from retaliating against prisoners for exercising their First Amendment rights.  *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).  The Supreme Court, however, has not recognized a *Bivens* remedy for First Amendment claims.  *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").  In addition, the Ninth Circuit has concluded that "special factors counsel against extending *Bivens*" to a prisoner's First Amendment retaliation claim.  *See Buenrostro v. Fajardo*, 770 Fed Appx. 807, 808 (9th Cir. 2019).  In reaching this conclusion, the Ninth Circuit explained that "Congress has addressed the question of prisoners' remedies in the Prison Litigation Reform Act of 1995," and "an alternative remedial structure exists, including through the Bureau of Prisons administrative grievance process."  *Id.*

Thus, courts "have uniformly declined to imply a *Bivens* remedy for First Amendment retaliation claims by federal prisoners."  *Prescott v. United States*, Case No. 2:20-cv-2740-SB (SK), 2022 WL 1051081, at *4 (C.D. Cal. Mar. 7, 2022), *report and recommendation adopted*, No. 2:20-cv-02740SBSK, 2022 WL

1051082 (C.D. Cal. Apr. 6, 2022); *see also Hirano v. Sand Island Treatment Ctr.*, Civil No. 20-00473 DKW-WRP, 2021 WL 243437, at *7–8 (D. Haw. Jan. 25, 2021) ("[T]he Supreme Court has not recognized a *Bivens* remedy for First Amendment claims, and the Ninth Circuit has said that such a remedy is not available for a federal prisoner's retaliation claim against federal defendants."); *Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment.").

Even if a *Bivens* were available for a prisoner's First Amendment retaliation claim, Keliihoomalu fails to state a claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Here, Keliihoomalu does not say how he engaged in protected conduct. Keliihoomalu also has not plausibly alleged that Shannon Bautista, Dwayne Bautista, or Brunello issued disciplinary charges  *because of* his protected conduct.

15

Indeed, Keliihoomalu does not identify any connection between his protected speech and the incident reports.  Finally, Keliihoomalu does not allege that the exercise of his First Amendment rights has been curtailed in any way. Keliihoomalu's First Amendment retaliation claims in Count II against Corrections Officer Bautista, Unit Counselor Bautista, and Corrections Officer Brunello are DISMISSED with leave to amend.

## IV.   LEAVE TO AMEND

The FAC is DISMISSED with leave granted to amend.  Keliihoomalu may file an amended pleading on or before **July 13, 2022**.  Keliihoomalu may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to those in the FAC are subject to dismissal.

Keliihoomalu must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*,

693 F.3d 896, 928 (9th Cir. 2012).

## V.    28 U.S.C. § 1915(g)

If Keliihoomalu fails to file an amended complaint or is unable to amend his

claims to cure their deficiencies, this dismissal may count as a "strike" under

28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.    CONCLUSION

(1) The FAC, ECF No. 6, is DISMISSED for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Keliihoomalu may amend his pleading, however, by curing the

deficiencies in his claims on or before **July 13, 2022**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Keliihoomalu may incur a

strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Keliihoomalu may voluntarily dismiss this action pursuant to FRCP 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Keliihoomalu a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 13, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**REIN KELIIHOOMALU VS. ESTELA DERR, ET AL.; CV 22-00124 LEK-KJM; ORDER DISMSSING FIRST AMENDED COMPLAINT WITH LEAVE GRANTED TO AMEND**